UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Grace Shophar, et al.
                        Plaintiff,

v.                                           Case No.: 1:23−cv−04493
                                                                        Honorable Steven C. Seeger

Kathleen Sloan, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 5, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: Defendant Sloan's motion to dismiss or, in the alternative, to transfer for improper venue (Dckt. No. [14]) is hereby granted. Plaintiffs Grace Shophar and others filed suit against Kathleen Sloan, a sitting judge in the 10th Judicial District in state court in Kansas. The complaint raises a grab−bag of claims, challenging Judge Sloan's orders in so−called "child in need of care" cases ("CINC" cases). The complaint is rife with problems, to put it mildly. The Court will give two examples. For starters, Judge Sloan enjoys sweeping judicial immunity. See Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967). The complaint brings claims against Judge Sloan for issuing orders and performing other core judicial functions. So Judge Sloan is entitled to judicial immunity. As a second example, Plaintiffs ask this Court to set aside orders entered by the state court, which this Court cannot do. See Royal v. Payne, 2022 WL 4008718, at *1 (7th Cir. 2022) (noting that the Rooker−Feldman doctrine "bars state−court losers from challenging state−court judgments in the lower federal courts"). The Rooker−Feldman doctrine prohibits federal courts from taking subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state−court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). This includes "[c]laims that directly seek to set aside a state−court judgment," and those that seek "relief that is tantamount to vacating the state judgment." Mains v. Citibank, N.A., 852 F.3d 669, 675 (7th Cir. 2017). Ultimately, the doctrine bars lower federal courts from considering claims based on injuries that are "caused by the state court judgment." Id. "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999); Remer v. Burlington Area School Dist., 205 F.3d 990, 996 (7th Cir. 2000). In other words, this Court lacks power if "the injury alleged by the federal plaintiff resulted from the state court judgment itself." Id. at 555. The Rooker−Feldman doctrine squarely applies here, because Plaintiffs are bringing a collateral challenge to orders issued by a state court. See, e.g., Cplt. ¶¶ 2, 5, 97, 102, 107, 112. The complaint even includes a list of "deficient order[s]," and attaches them. Id. at ¶ 2. A federal district court does not sit on appeal to oversee state court orders. That's what a state appellate court is for. There are many other problems with the

complaint, too, such as qualified immunity and the lack of personal jurisdiction. There is no need to discuss any other problems, because judicial immunity and the Rooker–Feldman doctrine are more than enough to send the claims to the courthouse exit. All claims against Judge Sloan are hereby dismissed with prejudice. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.